UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES CLARK, JR.,<br><br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br>Honorable |

**Marc J. Mendelson P-52798**
**Joshua B. Farr P-74107**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050; Fax (248) 671-5028
joshua.farr@855mikewins.com;
claire.trzasko@855mikewins.com

## COMPLAINT

NOW COMES Plaintiff, James Clark, Jr., by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendant, United States of America, state as follows:

## INTRODUCTION

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. §

1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2. The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4. This suit has been timely filed, in that Plaintiff timely served notice of his claim on the United States Postal Service, as an agent of Defendant, United States of America, on February 12, 2026, less than two years after the incident forming the basis of this suit.

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service's failure to make a final disposition of Plaintiff's claim within six months of filing.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff restates each and every allegation above as if set forth fully herein.

7. Plaintiff, James Clark, Jr., is and has at all times pertinent hereto, been a resident of the City of Detroit, County of Wayne, State of Michigan, and resides within the Eastern District of Michigan.

8. Defendant, United States of America, through its agency, the United States Postal Service, operates postal facilities within the southeast regions of the State of Michigan, including, but not limited to the City of Detroit, Wayne County.

9. At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the City of Detroit, County of Wayne, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the City of Detroit, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about November 17, 2025, at approximately 11:35 a.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of Vaughn Street and Midland Street, in the City of Detroit, Wayne County, Michigan. Plaintiff was lawfully, carefully, and prudently traveling on westbound

Midland Street, when he was struck by Daniel Jackson's vehicle, which was traveling northbound on Vaughn Street, when Daniel Jackson failed to exercise due care and caution and failed to observe Plaintiff's vehicle, failed to stop his vehicle, and failed to yield to Plaintiff's vehicle.

15. The motor vehicle accident was caused by the negligence of Daniel Jackson while driving a motor vehicle owned by Defendant, United States of America, within the scope of his employment with Defendant.

16. Daniel Jackson failed to operate his vehicle in a careful and prudent manner, failed to yield to Plaintiff's vehicle, failed to exercise due care and caution, and was operating the vehicle with willful and wanton disregard for the safety of other motorists, specifically Plaintiff, who was lawfully traveling on westbound Midland Street.

17. Daniel Jackson's failure to operate his vehicle with due care and caution, failure to yield to the posted yield sign, and failure to yield to Plaintiff's vehicle while traveling northbound on Vaughn Street, resulted in a collision, causing Plaintiffs to suffer severe injuries.

**COUNT I**
**CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS UNDER MCL SECTION 500.3135(1)**

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, James Clark Jr., was the operator of

a 2018 Buick Regal motor vehicle bearing Michigan license plate number EXG3779 and VIN number W04GV8SXXJ1156268.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Daniel Jackson, while acting within the scope of his office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a United States Postal Service vehicle, a 2021 Ford Transit motor vehicle, bearing VIN number 3C6LRVCGXME522308.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the United States Postal Service vehicle being operated by Daniel Jackson.

22. Daniel Jackson owed to Plaintiff, James Clark, Jr., certain duties which Daniel Jackson, violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owing to Plaintiff:

(a) Violation of the duty to operate the motor vehicle in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

(b) Violation of the operator's duty to exercise reasonable care and caution, MCL 257.627, and to observe other

vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(c) Violation of the duty to operate a motor vehicle so that a collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

(d) Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of the roadway, general conditions then existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

(e) Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(f) Violation of the duty to drive the vehicle with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(g) Violation of the duty to keep a proper lookout for conditions then and there existing, or while keeping said lookout, and failing to heed such conditions, and Defendant owner allowing the same to happen.

(h) Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the roadway, weather conditions, and of other conditions then existing, and Defendant owner allowing the same to happen.

(i) Failing to observe the roadway in front of the vehicle when Daniel Jackson knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

(j) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1), and Defendant owner allowing the same to happen.

(k) Failing to make timely use of the braking system with which said vehicle is equipped in violation of MCL 257.627 and MCL 257.649.

(l) Failing to yield to Plaintiff's vehicle in violation of MCL 257.649, and Defendant owner allowing the same to happen.

(m) Failing to reduce speed to a reasonable level for the conditions, and yield the right-of-way to an approaching vehicle, in violation of MCL 257.649(6).

(n) Failing to obey a yield sign, in violation of MCL 257.671.

(o) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Daniel Jackson did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the United States Postal Service motor vehicle, driven by Daniel Jackson, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Daniel Jackson consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of

Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Daniel Jackson's, duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff, James Clark, Jr., sustained injuries to his head, right shoulder, left shoulder, neck and back, including, but not limited to: a traumatic brain injury with loss of consciousness, and headaches, disc herniations, protrusion-type at C4-C5, C5-C6, and disc bulging at C6-C7, among others, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27. That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28. That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

(a) Pain and suffering, past, present and future.

(b) Mental anguish.

(c) Embarrassment and shock.

(d) Loss of normal, social and recreational activities.

(e) Permanent injury and incapacity of disability.

(f) Loss of wage earning capacity and future wages.

(g) Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, James Clark, Jr., requests damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

## COUNT II
## VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff repeats each and every allegation above as if set forth fully herein.
30. At all relevant times, Daniel Jackson was employed by and/or acting on behalf of Defendant, United States of America.
31. At all relevant times, Daniel Jackson was acting within his respective capacity and scope of employment with Defendant, United States of America.
32. Daniel Jackson negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.
33. As a direct and proximate result of Daniel Jackson's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, James Clark, Jr., request damages against Defendant, United States of America, in whatever amount he is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ Joshua B. Farr*

Marc J. Mendelson P-52798
Joshua B. Farr P-74107
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: November 3, 2026